UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58 | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| VALLEY INTERIOR SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW Plaintiff, and for its cause of action against **Valley Interior Systems, Inc.**, states as follows:

1. Jurisdiction of this cause of action and the parties is conferred by §§(a), (b), and (c) of §301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. §185.

2. Venue in this Court is appropriate by virtue of §185, 29 U.S.C. §185.

3. Painters District Council No. 58 (hereinafter "Painters 58") is a labor organization within the meaning of §2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. §185.

4. Painters 58 maintains its principal offices outside this judicial district at 2501 59th Street, St. Louis, Missouri, 63110.

5. At all times relevant herein, **Valley Interior Systems, Inc.**, did business within the state of Tennessee.

6.  **Valley Interior Systems, Inc.** is an employer within the meaning of §301 of the LMRA, 29 U.S.C. §185.

7.  **Valley Interior Systems, Inc.** is signatory and/or bound by a collective bargaining agreement (hereinafter "CBA") with Painters District Council No. 6 (hereinafter "Painters 6") covering the geographic jurisdiction of Painters Local Union 1275, which includes the counties of Delaware, Fairfield, Fayette, Franklin, Knox, Licking, Madison, Muskingum, Perry, Pickaway, Ross, and Union; and any other counties in Local 1275 of the International Union of Painters & Allied Trades's geographic jurisdiction.

8.  Both Painters 58 and Painters 6 are intermediate body District Councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO (hereinafter "IUPAT").

9.  Each intermediate body district council is comprised of Local Unions affiliated with IUPAT.

10. The CBA states **Valley Interior Systems, Inc.** is to also pay the wages and fringe benefits established by affiliated unions when engaged in work outside the geographic jurisdiction of Painters 6.

11. Specifically, section 2.09 of the CBA with Painters 6 provides:

> The Employer party hereto shall, when engaged in work outside the geographic jurisdiction of the Union party to the agreement, comply with all of the lawful clauses of the collective bargaining agreement in effect in said other geographic jurisdiction and executed by the employers of the industry and the affiliated Local Unions in that jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievances set forth therein; provided however, that where no affiliated Union has a current effective agreement covering such out-of-area work, the employer shall perform such work in accordance with this agreement ….This provision is enforceable by the District Council or Local Union in whose jurisdiction the work is being performed, both through the procedure for settlement of grievances set forth in its applicable collective bargaining agreement and through the courts, and is also enforceable by the Union party to this agreement, both through the procedure for settlement of grievances set forth in this agreement and through the courts.

12. Painters 58 has a CBA as mentioned in section 2.09 of the Painters 6 CBA. The Painters' 58 CBA applies to all work within the geographic jurisdiction of the Union. Under Article III of the Painters' 58 CBA, within the state of Kentucky the following counties are covered: Allen, Butler, Christian, Cumberland, Logan, Monroe, Muhlenberg, Simpson, Todd, and Warren. Under Article III of the Painters' 58 CBA, within the state of Tennessee the following counties are covered: Bedford, Benton, Cannon, Carroll, Cheatham, Chester, Clay, Coffee, Crockett, Davidson, Decatur, DeKalb, Dickson, Dyer, Gibson, Hardeman, Haywood, Henderson, Henry, Hickman, Houston, Humphreys, Jackson, Lake, Lewis, McNairy, Macon, Madson, Marshall, Maury, Montgomery, Obion, Overton, Perry, Pickett, Putnam, Robertson, Rutherford, Smith, Stewart, Sumner, Trousdale, Warren, Williamson, and Wilson.

13. **Valley Interior Systems, Inc.** is engaged in work outside the geographic jurisdiction of Painters 6 and within the jurisdiction of Painters 58.

14. The CBA binds **Valley Interior Systems, Inc.** to make contributions to certain fringe benefit funds and to pay certain wages as described in the Painters' 58 CBA.

15. Specifically, per Section 2.09 of the CBA with Painters 6, **Valley Interior Systems, Inc.** is required to pay the hourly journeyman wage rates as described there in as is increased after annual wage and fringe benefit increases. The current industrial apprentice rates are attached hereto as Exhibit A. The current commercial apprentice rates are attached hereto as Exhibit B.

16. Additionally, per Section 2.09 of the CBA with Painters 6, **Valley Interior Systems, Inc.** is required to submit hourly contributions for journeyman commercial and industrial workers to the Health & Welfare, IUPAT Pension Fund, DC 58 FTI, IUPAT FTI, and IUPAT LMCI benefit funds. The current industrial contribution rates are attached hereto as Exhibit A. The current commercial apprentice rates are attached hereto as Exhibit B.

17. **Valley Interior Systems, Inc.** has not filed reports evidencing all hours worked.

18. **Valley Interior Systems, Inc.** has not made all required contributions or remitted all dues lawfully deducted or that should have been lawfully deducted.

19. **Valley Interior Systems, Inc.** breached the Painters 6 and Painters 58 CBAs, in violation of §185, 29 U.S.C. §185.

WHEREFORE, Plaintiffs pray:

(a) This Court enter a preliminary injunction requiring **Valley Interior Systems, Inc.** to submit reports and payments that may become due after the date of such injunction, within seven (7) days after each weekly payroll date;

(b) This Court enter its judgement and decree against **Valley Interior Systems, Inc.** for the principal amount of delinquency together with interest and damages on that amount, all in accordance with the CBA;

(c) This Court enter an order permanently compelling and enjoining **Valley Interior Systems, Inc.** to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters 58 and **Valley Interior Systems, Inc.** are or may become bound; and

(d) This Court enter its judgement and decree against **Valley Interior Systems, Inc.** for Plaintiff's reasonable attorneys' fees and for Plaintiff's costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

DATED: December 20, 2023                    Respectfully submitted,

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr. (BPR No. 22891)
**HERZFELD, SUETHOLZ, GASTEL,
LENISKI and WALL PLLC**
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
Email: joey@hsglawgroup.com

James P. Faul, MO. 58799*
**HARTNETT REYES-JONES, LLC**
4399 Laclede Avenue
St. Louis, MO 63108
Phone: (314) 531-1054
Facsimile: (314) 531-1131
Email: jfaul@hrjlaw.com

*Attorneys for Plaintiffs*

**Pro Hac Vice* application to be filed